# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK FRENCH, et al. )<br>  )<br>Plaintiffs/Counter-Defendants, )<br>  )<br>v. )<br>  )<br>  )<br>ROY KIME )<br>  )<br>Defendant/Counter-Plaintiff. )<br>  ) | Civil No. 05-cv-02448-RMU |

**PLAINTIFFS' AND THIRD-PARTY DEFENDANTS
<u>UNILATERAL FED. R. CIV. P. 26(f) AND LCvR 16.3 REPORT</u>**

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, Plaintiffs Clark D. French and Computer Intelligence Associates, Inc. D.C. and Third-Party Defendants Mary French and Computer Intelligence Associates, Inc. Maryland ("Third-Party Defendants") respectfully submit the following Fed. R. Civ. P. 26(f) Report as a result of Defendant Roy Kime's ("Kime") refusal to confer as required by the rules:[1]

<u>Statement of the Case</u>

This is an action for specific performance of a Restrictive Stock Transfer Agreement (the "Agreement") between the parties following the termination of Defendant Kime's employment at Computer Intelligence Associates D.C. ("CIA D.C."). Pursuant to the Agreement, upon termination of Defendant Kime's employment at CIA D.C., Kime was obligated to immediately offer his shares of stock in CIA D.C. first to the company, and then to the other CIA D.C. shareholder, Plaintiff French. Although Kime has failed to offer his shares to CIA D.C. pursuant to his obligations under the Agreement, CIA D.C. passed a resolution stating that it will not avail

---

[1] The circumstances surrounding Kime's refusal to confer are outlined in Plaintiffs' and Third-Party Defendants' Motion to File Unilateral 26(f) Report.

itself of CIA D.C.'s right to purchase Kime's shares should such an offer be forthcoming. Thus, French seeks to enforce his right to purchase Kime's stock pursuant to the Agreement. Despite repeated requests, Kime has failed and refused to offer his stock for sale to French in breach of the Agreement. French has at all times been ready, willing and able to pay the agreed-upon consideration for the shares. Kime should thus be required to perform pursuant to the Agreement and tender his CIA D.C. shares to French in exchange for the agreed upon consideration. CIA-DC also seeks to recover for fraudulent expenses that Kime charged to CIA-DC. Kime has filed a Counterclaim/Third-Party Complaint asserting various causes of action against Plaintiffs and Third-party Defendants Mary French and Computer Intelligence Associates, Inc. Maryland ("CIA MD") alleging that Plaintiffs and Third-Party Defendants have breached duties to Kime. Plaintiff Clark D. French and Third-Party Defendant Mary French are citizens of the state of Maryland. Plaintiff CIA D.C. is a District of Columbia corporation. Third-Party Defendant CIA MD is a Maryland corporation. Defendant Roy Kime is a citizen of the state of New York. This court has jurisdiction pursuant to 28 U.S.C. 1332.

## Local LCvR 16.3 Conference Topics

    1.    Initial Disclosures: If the Court grants Plaintiffs' motion for an extension of time to respond to the Complaint, the parties should exchange initial disclosures within 10 days after the coordinated response date, or by May 4, 2006.

    2.    Subjects of Discovery:

        a.    Plaintiffs and Counter-Defendants anticipate that they will need discovery on the following subjects:

        (1)    The nature of the expenses for which Kime sought reimbursement from CIA-DC;

        (2)    The basis of Kime's claims that French approved Kime's expenses;

(3) An executed version of the lease on the apartment Kime rented in the District of Columbia and all documents evidencing rental payments;

(4) The basis for Kime's representation on the lease that Kime's wife was an officer of CIA-DC;

(5) Documents related to Kime's alleged salary and any profit distributions, including checks, pay stubs and Form W-2s;

(6) Copies of Kime's tax returns evidencing any and all business expenses from 2002 to the present;

(7) The circumstances surrounding the creation of Intelligov and the basis for Kime's assertion of rights related thereto;

(8) Work performed by Kime for CIA-DC;

(9) A copy of the alleged salary agreement between Kime and CIA-DC;

(10) All credit card and bank statements evidencing the nature and amount of alleged business expenses for which Kime was reimbursed;

(11) The circumstances surrounding all factual allegations allegedly forming the basis of the Complaint and Counterclaim;

(12) All documents and communications between the parties related to the subject matter of the Complaint and Counterclaim;

(13) Communications between Kime and any third party related to the subject matter of the Complaint and Counterclaim;

(14) The basis of the counterclaims and third-party claims asserted by Kime;

(15) The factual and legal bases of Kime's affirmative defenses (if any);

(16) All other topics Plaintiffs and Third-Party Defendants determine are relevant to the claims and defenses of the parties.

3. <u>Discovery Plan:</u>  We believe that six months of discovery is sufficient in this case. Assuming that discovery will begin in mid-March, Plaintiffs and Third-Party Defendants propose the following schedule for this case, subject to the Court's schedule and availability:

| Event | Proposed Dates |
|---|---|
| Rule 26(a) Initial Disclosures | May 4, 2006 |

3

| | |
|---|---|
| Deadline for Joinder of Parties and Amendment of Pleadings | June 1, 2006 |
| Expert Designations/Reports | August 1, 2006 |
| Rebuttal Expert Reports | September 1, 2006 |
| Discovery Cut-Off | September 30, 2006 |
| Dispositive Motion Deadline | October 15, 2006 |
| Pre-Trial Conference | November 15, 2006 (case to be ready for trial 60 days after rulings on Dispositive Motions) |

4. <u>Other Matters:</u>

a. Plaintiffs and Third-Party Defendants do not anticipate that the limits to discovery provided in the Federal Rules of Civil Procedure need to be modified in this case.

b. Plaintiffs and Third-Party Defendants are willing to consider settlement. However, Kime has not yet made any reasonable settlement offer. Plaintiffs and Third-Party Defendants do not believe that a magistrate judge or mediation is appropriate in this case at this time.

c. This case may be appropriate for disposition by summary judgment, but discovery should not be stayed pending a ruling on dispositive motions, as discovery may be necessary to support the motions.

Dated: March 22, 2006

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.

_____/s/_____
Ross D. Cooper #429200
11921 Rockville Pike, Third Floor
Rockville, MD 20852
(301) 230-5200
(301) 230-2891 (facsimile)

> Attorneys for Plaintiffs/Counter-Defendants
> Clark French and Computer Intelligence
> Associates, Inc. DC and Third-Party
> Defendants Mary French and Computer
> Intelligence Associates, Inc. Maryland

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK FRENCH, et al. | ) |
| Plaintiffs/Counter-Defendants, | ) |
| v. | ) Civil No. 05-cv-02448-RMU |
| ROY KIME | ) |
| Defendant/Counter-Plaintiff. | ) |

# ORDER

Upon consideration of Plaintiffs' and Counter-Defendants' Unilateral 26(f) Report and for other good cause shown, it is hereby this ___ day of _____, 2006 ORDERED that the following schedule is entered in this case:

| Event | Date |
|---|---|
| Rule 26(a) Initial Disclosures | May 4, 2006 |
| Deadline for Joinder of Parties and Amendment of Pleadings | June 1, 2006 |
| Expert Designations/Reports | August 1, 2006 |
| Rebuttal Expert Reports | September 1, 2006 |
| Discovery Cut-Off | September 30, 2006 |
| Dispositive Motion Deadline | October 15, 2006 |
| Pre-Trial Conference | November 15, 2006 (case to be ready for trial 60 days after rulings on Dispositive Motions) |

_____
Judge, United States District Court