IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK FRENCH, et al. ) | |
| ) | |
| Plaintiffs/Counterdefendants ) | |
| ) | |
| v. ) | Case Number 1:05CV02448-RMU |
| ) | |
| ROY KIME ) | |
| ) | |
| Defendant/Counterplaintiff ) | |

**DEFENDANT/COUNTERPLAINTIFF'S OPPOSITION TO PLAINTIFFS/COUNTERDEFENDANTS' MOTION FOR LEAVE TO FILE UNILATERAL RULE 26(f) REPORT**

Defendant/Counterplaintiff Roy Kime hereby opposes Plaintiffs/ Counterdefendants'[1] motion to file a Rule 26(f) Report unilaterally on the following grounds:

On February 28, 2006, the undersigned counsel for Roy Kime received a letter from counsel for then Plaintiffs/Counterdefendants Clark French and CIA-DC stating that, if counsel for Kime did not state its position to counsel for Plaintiffs on the topics covered by a Rule 26(f) conference by March 7, 2006, counsel for Plaintiffs/ Counterdefendants would file a Rule 26(f) report unilaterally and serve discovery. Counsel for Kime responded by letter dated March 7, 2006, which is not attached to Plaintiffs/Counterdefendants' motion but is attached to this Opposition as Exhibit A.

---

[1] Kime notes that, contrary to the caption of the motion, there are no "third party defendants" in this action as defined in Fed.R.Civ.P. 14. Rather, Kime has filed a Counterclaim against both original plaintiffs as well as two new party defendants pursuant to Fed.R.Civ.P. 13.

Counsel's letter pointed out that a conference was premature for several reasons, including that the Court-order deadline for the Rule 26(f) Report was some time away and that the new Counterclaim defendants had not yet returned their waivers of service and no answers had been filed. Kime incorporates counsel's March 7, 2006, letter as support for this Opposition as if fully set forth herein.

Since that time, counsel for Plaintiffs/Counterdefendants asked the undersigned for consent to a coordinated answer date for both the served and unserved Counterclaim defendants of April 24, 2006, which would give the Counterclaim defendants already in the case an extension of time to file their answers. The undersigned declined because the two new Counterclaim defendants had not returned their waivers of service, so there was no guarantee that they would be in the case or have an obligation to answer by April 24, 2006. Undersigned counsel received the waivers of service by fax on March 9, 2006, the same day that Defendants' counsel filed a motion for a coordinated answer date. Counsel has not received the originals of the waivers. The motion for a coordinated answer date has since been granted, which means that no answer has yet been filed in this case and Kime can only guess at what allegations and defenses Counterdefendants may assert.

Defendant/Counterplaintiff Kime has never refused to confer regarding a Joint Rule 26(f) report or violated any Court Order or deadline that he do so. To the contrary, the undersigned counsel closed her March 7, 2006, letter by saying, "[W]e share your desire to proceed expeditiously. Therefore, we request that you have defendants Mary French and CIA-DC return the waivers of service without delay and that all of the defendants file timely (or expedited) responses to the Counterclaim. At that point, we will be in a position to assess the entire case and proceed appropriately." Kime submits

that this is the appropriate way to proceed consistent with the purpose of Rule 26(f), which is to formulate a mutually agreed-upon case management plan once issues are joined and each side is privy to the claims of the other, not to proceed piecemeal as Plaintiffs/Counterdefendants are attempting to do.

Accordingly, for the reasons stated in this Opposition and attached letter, Defendant/Counterplaintiff Kime submits that there are no grounds for granting Plaintiffs/Counterdefendants' motion, that a unilateral Rule 26(f) report as this time would be premature, unnecessary and counterproductive, and that, therefore, Plaintiffs/Counterdefendants' motion should be denied.

                Respectfully submitted,

                SCHMELTZER, APTAKER
                & SHEPARD, P.C.

                ss/ *Katherine Brewer*
                Katherine Brewer, # 375608
                Edward R. Levin, # 7823
                2600 Virginia Ave., N.W.
                Suite 1000
                Washington, D.C. 20037
                (202) 333-8800
                (202) 625-3301 (facsimile)

                *Attorneys for Defendant/Counterclaim*
                *Plaintiff Roy Kime*

IRA MICHAEL SHEPARD
J. THOMAS ESSLINGER
PAUL HEYLMAN
RALPH H. JOHNSON
GARY L. LIEBER
EDWARD R. LEVIN
ROBERT L. DUSTON
LEON B. TARANTO
MARK I. GRUHIN
HENRY A. PLATT
LYNN K. McKAY
ANESSA ABRAMS
KATHERINE BREWER
TERESE M. CONNERTON
CARLOS MATEO PAZ-SOLDAN
LINDA G. HILL
JC MILLER*
JEFFREY LEVIN

JOHN B. TOTARO
SUNDI Y. BONFIGLIO
MONIQUE CIOFFALO*

SENIOR COUNSEL
EDWARD SCHMELTZER
EDWARD APTAKER
J. ANTHONY "TONY" SMITH

COUNSEL
JACK BUECHNER
HERBERT E. HARRIS II
MARTIN J. GAYNES
CHERYL ELLSWORTH
JOSHUA A. ULMAN

*NOT ADMITTED IN D.C.

# SCHMELTZER, APTAKER & SHEPARD, P.C.
COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.saspc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

March 7, 2006

Ross D. Cooper, Esq.
Shulman Rogers Gandal
Pordy & Ecker, P.A.
11921 Rockville Pike
Rockville, MD 20852-2743

**BY FAX (301) 230-2891**

Re:   *French v. Kime*, Case No. 1:05CV02448

Dear Mr. Cooper:

    Thank you for your letter of February 28, 2006, regarding a Rule 26(f)/Local Rule 16 conference. While we admire your zeal, we are unable to meet your deadline of today for conferring and reaching agreement on a Joint Rule 26(f)/16.3 Report.

    According to Judge Urbina's Scheduling Order of February 21, 2006, setting an Initial Status Hearing for August 10, 2006, the parties are to file their Joint Local Rule 16.3 Report seven (7) days prior to scheduled hearing date, or Thursday, August 3, 2006. Local Rule 16.3 provides that the parties confer regarding the report within 21 days before the scheduling conference, or in this case, some time between July 21, 2006, and August 3, 2006.

    Rule 16.3 anticipates that all parties will have appeared in the case by the time of the scheduling conference. The Rule provides that the deadline for the Rule 26(f) conference may be extended past the date of appearance or filing of an answer or motion by the defendant given the longest time to answer under the Federal Rules.

    Since the new Counterclaim defendants have not returned waivers of service and the existing defendants have not answered, it is premature to have a Rule 26(f) conference at this time. This is particularly true because it is unclear how you can file a Rule 26(f) Report on behalf of defendants who have not yet been served. It is also

KIME OPPOSITION
Exhibit A

SCHMELTZER, APTAKER & SHEPARD, P.C.

Ross D. Cooper
March 7, 2006
Page 2


impossible to determine the scope of initial disclosures when no Counterclaim defendant has filed an answer or asserted any defenses.

As a practical matter, there is no outstanding Court Order or federal rule of procedure that compels us to meet your deadline of March 7, 2006, or that gives you grounds to file a Rule 26(f) Report unilaterally if we do not. Accordingly, it appears that filing a unilateral Rule 26(f) report would be an empty gesture that would only confuse, and perhaps annoy, the Court. In fact, the Court may well view it as a violation of the conference requirement by Clark French and CIA-DC.

With respect to your intention to proceed with discovery, discovery normally may not be had before the parties have conferred pursuant to Rule 26(f). *See* Fed.R.Civ.P. 26(d), 30(a)(2)(C), 31(a)(20(C), 33(a), and 34(a). Given the current posture of the case, it is unlikely that the Court will permit you to proceed with discovery at this point without a Rule 26(f) conference.

In addition, please note that we read with some curiosity the list of items you plan to request from Mr. Kime. Most of those items appear to be records you presumably relied upon in formulating your Complaint in order to meet your obligation under Rule 11 and are already in the possession of CIA-DC, which is effectively controlled by Clark French. Accordingly, those are items that we will be seeking from CIA-DC and Mr. French, and that CIA-DC and Mr. French have an obligation to disclose to us under Rule 26(a)(1) even without a discovery request.

In addition, Roy Kime has already made a demand on Mr. French for books and records pursuant to D.C. statute and <u>you</u> have denied that request even though you claim not to represent the corporation. With respect to that issue, your February 28, 2006, letter belies the notion that you do not represent CIA-DC. You unequivocally state that you do. It is clear that you are controlling this entire litigation and that the conflict we originally raised is continuing and, in fact, is now compounded by the additional parties. This conflict must be addressed expeditiously by your firm. Roy Kime's ownership and legal rights as a shareholder in CIA-DC, and the proper administration of this case, are being compromised by our inability to deal with counsel for CIA-DC who can assess CIA-DC's rights and obligations independently of the interests of the other defendants. Mr. Kime does not waive the conflict on behalf of himself or CIA-DC, and CIA-DC cannot waive the conflict without independent advice.

Having said that, we share your desire to proceed expeditiously. Therefore, we request that you have defendants Mary French and CIA-MD return the waivers of service without delay and that all of the defendants file timely (or expedited) responses to the

Case 1:05-cv-02448-RMU    Document 7    Filed 03/24/2006    Page 6 of 7

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Ross D. Cooper
March 7, 2006
Page 3

Counterclaim. At that point, we will be in a position to assess the entire case and proceed appropriately.

We are also fully prepared to engage immediately in a settlement process, either by getting the parties together as originally proposed by Oren Saltzman, counsel for CIA-DC, and agreed to by Mr. Kime, or through mediation under the auspices of the Court or a private mediator.

Sincerely,

*Katherine Brewer*

Katherine Brewer

cc:  Stephen O. Hessler, Esq.
     Roy Kime

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK FRENCH, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROY KIME, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05CV02448 <br> Judge: Ricardo M. Urbina |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that Defendant Roy Kime's Opposition to Plaintiffs/Counterdefendants' Motion for Leave to File Unilateral Rule 26(f) Report on March 24, 2006, by placing a true and correct copy of the document in the United States Mail, first class postage prepaid, addressed to:

> Stephen O. Hessler
> HESSLER & ASSOCIATES, CH
> 729 15th Street, N.W.
> Suite 200
> Washington, DC 20005

ss/_____
Katherine Brewer, #375608