IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK FRENCH, et al. | ) |
| Plaintiffs/Counter-Defendants, | ) |
| v. | ) Civil No. 05-cv-02448-RMU |
| ROY KIME | ) |
| Defendant/Counter-Plaintiff. | ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND COUNTER-DEFENDANTS' MOTION FOR LEAVE TO FILE UNILATERAL RULE 26(f) REPORT**[1]

Pursuant to Fed. R. Civ. P. 7(d), Plaintiffs Clark D. French ("French") and Computer Intelligence Associates, Inc. D.C. ("CIA-DC") and Counter-Defendants Mary French and Computer Intelligence Associates, Inc. Maryland (collectively, "Counter-Defendants") respectfully submit this reply to Defendant/Counter-Plaintiff Roy Kime's ("Kime") Opposition to Plaintiffs' and Counter-Defendants' Request for Leave to File a Unilateral Fed. R. Civ. P. 26(f) and LCvR 16.3 Report.

Kime's opposition asserts that his counsel refused to confer with Counter-Defendants because she had not yet received signed waivers of service from the newly added parties when the conference was initially requested. Opposition at 2. She thus apparently considered a conference inappropriate because she did not yet know who would be parties to this action. Id.

---

[1] Kime's Opposition clarifies that his counterclaim seeks to join the new parties to this action to his counterclaim under Fed. R. Civ. P. 13, 19 and 20, rather than assert third-party claims against the new parties under Fed. R. Civ. P. 14. We have thus amended the title of this filing accordingly.

Opposition at 2. However, since that initial request, new parties Mary French and CIA-MD have submitted their executed waivers of service and we have renewed our request to confer. See March 24, 2006 Letter from K. Draper to C. Brewer, Exhibit A. Despite that we offered to withdraw the instant motion if the parties successfully conferred last week and could begin discovery, Kime's counsel has not responded to this recent invitation. We can thus only presume that lack of signed waivers at the time was not actually the reason underlying her refusal to confer.

As for Kime's assertion that the conference should not proceed until the parties have responded to the Counterclaim, there is no reason for such delay. The rules do not prohibit conferring before joinder of all the issues. See LCvR 16.3. Moreover, we are fully capable of discussing the issues that are presented by the Counterclaim and the Counter-Defendants' responses during the conference, which serves the purposes of Rule 26(f). Further, Kime's counsel never has indicated that she would be amenable to a conference once the "issues" are joined on Counter-Defendants' current responsive pleading date (April 24), but instead indicated in her previous letter (which is attached to her opposition) that a conference was not appropriate until July or August. We have thus been forced to proceed under the presumption that she will continue to refuse to meet and confer for the next four months (despite whether a response to the counterclaim has been filed), which delay is unnecessary and inefficient.

For the foregoing reasons and for the reasons set forth in Plaintiff/Counter Defendants Motion for Leave to File Unilateral 26(f) Report, Plaintiffs and Counter-Defendants respectfully request that the Court permit Plaintiffs and Counter-Defendants to file a unilateral 26(f) report (Exhibit B to Motion) and that the Court enter an order deeming Plaintiffs and Counter-

Defendants to have fulfilled the requirements of Rule 26(f) so that Plaintiffs and Counter-Defendants may begin discovery.

Dated: April 5, 2006

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.


_____/s/_____
Ross D. Cooper #429200
11921 Rockville Pike, Third Floor
Rockville, MD 20852
(301) 230-5200
(301) 230-2891 (facsimile)

Attorneys for Plaintiffs/Counter-Defendants Clark French and Computer Intelligence Associates, Inc. DC and Counter-Defendants Mary French and Computer Intelligence Associates, Inc. Maryland