IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLARK FRENCH, et al. | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-02448-RMU |
| | ) | |
| ROY KIME | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**COUNTER-DEFENDANTS' ANSWER TO COUNTERCLAIM**

For their answer to the Counterclaim filed by Defendant/Counter-Plaintiff Roy Kime ("Defendant/Counter-Plaintiff"), Plaintiffs/Counter-Defendants Clark French ("French") and Computer Intelligence Associates, Inc. D.C. ("CIA-DC") and Counter-Defendants Computer Intelligence Associates, Inc. MD ("CIA-MD") and Mary French (collectively, "Counter-Defendants") admit, deny and allege as follows:

1. The allegations contained in paragraph 1 of Defendant/Counter-Plaintiff's Counterclaim are conclusions of law to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

2. Counter-Defendants deny the allegations contained in paragraph 2 of Defendant/Counter-Plaintiff's Counterclaim.

3. Counter-Defendants admit the allegations contained in paragraph 3 of Defendant/Counter-Plaintiff's Counterclaim.

4. Counter-Defendants admit the allegations contained in paragraph 4 of Defendant/Counter-Plaintiff's Counterclaim.

5. Counter-Defendants admit the allegations contained in paragraph 5 of Defendant/Counter-Plaintiff's Counterclaim.

6. Counter-Defendants deny the allegations contained in the first sentence of paragraph 6. Counter-Defendants admit the allegations contained in the second and third sentences of paragraph 6 of Defendant/Counter-Plaintiff's Counterclaim.

7. Counter-Defendants admit the allegations contained in paragraph 7 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 7 of Defendant/Counter-Plaintiff's Counterclaim.

8. Counter-Defendants admit the allegations contained in paragraph 8 of Defendant/Counter-Plaintiff's Counterclaim.

9. Counter-Defendants admit the allegations contained in paragraph 9 of Defendant/Counter-Plaintiff's Counterclaim.

10. Counter-Defendants admit the allegations contained in paragraph 10 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 10 of Defendant/Counter-Plaintiff's Counterclaim.

11. Counter-Defendants admit the allegations contained in paragraph 11 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 11 of Defendant/Counter-Plaintiff's Counterclaim.

12. Counter-Defendants admit the allegations contained in paragraph 12 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 12 of Defendant/Counter-Plaintiff's Counterclaim.

13. Counter-Defendants admit the allegations contained in paragraph 13 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents, and otherwise deny the allegations contained in paragraph 13 of the Counterclaim.

14. Counter-Defendants admit the allegations contained in paragraph 14 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 14 of Defendant/Counter-Plaintiff's Counterclaim.

15. Counter-Defendants admit the allegations contained in paragraph 15 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 15 of Defendant/Counter-Plaintiff's Counterclaim.

16. Counter-Defendants admit the allegations contained in paragraph 16 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 16 of Defendant/Counter-Plaintiff's Counterclaim.

17. Counter-Defendants admit the allegations contained in paragraph 17 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited,

which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 17 of Defendant/Counter-Plaintiff's Counterclaim.

18. Counter-Defendants admit the allegations contained in paragraph 18 of Defendant/Counter-Plaintiff's Counterclaim.

19. Counter-Defendants admit that there is no exhibit attached to the Restrictive Stock Transfer Agreement, but that the last agreed value substitutes effectively for Exhibit A and otherwise denies the allegations contained in paragraph 19 of Defendant/Counter-Plaintiff's Counterclaim.

20. Counter-Defendants deny the allegations contained in paragraph 20 of Defendant/Counter-Plaintiff's Counterclaim and further state that Clark French was a shareholder prior to the initial share price determination in the Restrictive Stock Transfer Agreement.

21. Counter-Defendants deny the allegations contained in paragraph 21 of Defendant/Counter-Plaintiff's Counterclaim.

22. Counter-Defendants admit the allegations contained in the first sentence of paragraph 22 of Defendant/Counter-Plaintiff's Counterclaim. Counter-Defendants deny the allegations contained in the second sentence of paragraph 22 of Defendant/Counter-Plaintiff's Counterclaim.

23. Counter-Defendants admit the allegations contained in the first and second sentences of paragraph 23 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the documents cited, which are the best evidence of their contents; otherwise deny the allegations contained in the first and second sentences of paragraph 23 of the Counterclaim. Counter-Defendants deny the allegations contained in the third sentence of paragraph 23 of the Counterclaim. Counter-Defendants admit the allegations contained in the fourth sentence of

paragraph 23 of the Counterclaim. Counter-Defendants deny the allegations contained in the fifth and six sentences of paragraph 23 of the Counterclaim. Counter-Defendants admit the allegations contained in the seventh sentence of paragraph 23 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in the seventh sentence of the paragraph 23 of the Counterclaim. Counter-Defendants deny the allegations contained in the eighth sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Counter-Defendants admit that Defendant/Counter-Plaintiff Kime submitted requests to CIA-DC for various expenses, but Counter-Defendants deny that the expenses were approved by Clark French. Counter-Defendants deny the allegations contained in the second sentence paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. Counter-Defendants deny the allegations contained in paragraph 25 of Defendant/Counter-Plaintiff's Counterclaim.

26. The allegations contained in the first sentence of paragraph 26 of Defendant/Counter-Plaintiff's Counterclaim are conclusions of law to which no response is required; to the extent that they are deemed allegations of fact, they are denied. Counter-Defendants deny the allegations contained in the second sentence of paragraph 26 of Defendant/Counter-Plaintiff's Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Counter-Defendants deny the allegations contained in the third and fourth sentences of paragraph 26 of Defendant/Counter-Plaintiff's Counterclaim.

27. Counter-Defendants admit the allegations contained in paragraph 27 of Defendant/Counter-Plaintiff's Counterclaim.

28. The allegations in paragraph 28 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

29. Counter-Defendants admit the allegations contained in the first sentence of paragraph 29 of Defendant/Counter-Plaintiff's Counterclaim. Counter-Defendants deny the allegations contained in the second sentence of paragraph 29.

30. Counter-Defendants deny the allegations contained in the first sentence of paragraph 30 of the Counterclaim. The allegations in the second sentence of paragraph 30 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

31. The allegations in paragraph 31 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

32. The allegations in paragraph 32 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

33. The allegations in paragraph 33 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

34. Counter-Defendants admit the allegations contained in paragraph 34 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the communication cited,

which is the best evidence of its contents, and otherwise deny the allegations contained in paragraph 34 of the Counterclaim.

35. The allegations in paragraph 35 are inadmissible pursuant to Fed. R. Evid. 408 and need not be admitted or denied at this time because they are the subject of Counter-Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

36. Counter-Defendants admit the allegations contained in paragraph 36 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the request cited, which is the best evidence of its contents; otherwise deny the allegations contained in the first sentence of paragraph 36 of Defendant/Counter-Plaintiff's Counterclaim. Counter-Defendants deny the allegations contained in the second sentence of paragraph 36 of Defendant/Counter-Plaintiff's Counterclaim.

37. Counter-Defendants admit the allegations contained in paragraph 37 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the resolution cited, which is the best evidence of its contents; otherwise deny the allegations contained paragraph 37 of Defendant/Counter-Plaintiff's Counterclaim .

38. Counter-Defendants admit the allegations contained in paragraph 38 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the communication cited, which is the best evidence of its contents, and otherwise deny the allegations contained in paragraph 38 of the Counterclaim.

39. Counter-Defendants deny the allegations contained in paragraph 39 of Defendant/Counter-Plaintiff's Counterclaim.

40. Counter-Defendants deny the allegations contained in paragraph 40 of Defendant/Counter-Plaintiff's Counterclaim.

41. Counter-Defendants deny the allegations contained in paragraph 41 of Defendant/Counter-Plaintiff's Counterclaim.

42. Counter-Defendants admit the allegations contained in the first and second sentences of paragraph 42 of Defendant/Counter-Plaintiff's Counterclaim to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in the first and second sentences of paragraph 42 of Defendant/Counter-Plaintiff's Counterclaim. The allegations contained in the third sentence of paragraph 42 of Defendant/Counter-Plaintiff's Counterclaim are Defendant/Counter-Plaintiff's characterizations of his Counterclaim to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

43. CIA-MD, after rejection of the development of Intelligov by Kime, developed Intelligov by, inter alia, paying for the time for certain CIA-DC programmers. Counter-Defendants otherwise deny the allegations contained in paragraph 43 of the Counterclaim.

44. Counter-Defendants admit the allegations contained in paragraph 44 of Defendant/Counter-Plaintiff's Counterclaim.

45. Counter-Defendants deny the allegations contained in paragraph 45 of Defendant/Counter-Plaintiff's Counterclaim.

46. Counter-Defendants deny the allegations contained in paragraph 46 of Defendant/Counter-Plaintiff's Counterclaim.

47. Counter-Defendants deny the allegations contained in paragraph 47 of Defendant/Counter-Plaintiff's Counterclaim. The allegations contained in the second sentence of paragraph 47 of Defendant/Counter-Plaintiff's Counterclaim are Defendant/Counter-

Plaintiff's characterizations of his Counterclaim to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 of Defendant/Counter-Plaintiff's Counterclaim are Defendant/Counter-Plaintiff's characterizations of his Counterclaim to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

## COUNTS I-III

49-63. Counts I-III are subject to Counter-Defendants' Motion to Dismiss and thus no response to these allegations is required at this time.

## COUNT IV
(Against Clark and Mary French)
(Breach of Directors' and Officers' Fiduciary Duty to Corporation and/or Shareholder)
(Self-Dealing)

To the extent that Count IV is asserted derivatively on behalf of CIA-DC, this Count is subject to Counter-Defendants' Motion to Dismiss, and thus no response to these derivative allegations is required at this time.

64. Counter-Defendants incorporate the responses to paragraphs 1-48 as if fully set forth herein.

65. The allegations contained in paragraph 65 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

66. Denied.

67. Denied.

68. Denied.

9

## COUNT V
(Against Clark and Mary French)
(Breach of Directors' and Officers' Fiduciary Duty to Corporation and/or Shareholder)
(Usurpation of Corporate Opportunity)

To the extent that Count V is asserted derivatively on behalf of CIA-DC, this Count is subject to Counter-Defendants' Motion to Dismiss, and thus no response to these derivative allegations is required at this time.

69. Counter-Defendants incorporate the responses to paragraphs 1-68 as if fully set forth herein.

70. The allegations contained in paragraph 70 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

71. Denied.

72. Denied.

73. Denied.

## COUNTS VI-IX

74-92. Counts VI-IX are subject to Counter-Defendants' Motion to Dismiss and thus no response to these allegations is required at this time.

93. Counter-Defendants deny all allegations not previously admitted or otherwise qualified.

94. Counter-Defendants deny that Counter-Plaintiff Kime is entitled to the relief requested or any relief whatsoever.

## Affirmative Defenses

### First Affirmative Defense

Counter-Plaintiff's damages are barred by his own breach.

### Second Affirmative Defense

Counter-Plaintiff's claims are barred by his own unclean hands.

### Third Affirmative Defense

Counter-Plaintiff's claims are barred by Counter-Plaintiff's violation of his fiduciary duties and by Counter-Plaintiff's breach of his implied covenants of good faith.

Wherefore, Counter-Defendants respectfully request that the Counterclaim be dismissed and that Counter-Defendants be awarded such other relief as the Court deems proper.

Dated:  April 24, 2006                                    Respectfully submitted,

                                                          SHULMAN, ROGERS, GANDAL,
                                                           PORDY & ECKER, P.A.


                                                          _____/s/_____
                                                          Ross D. Cooper #429200
                                                          11921 Rockville Pike, Third Floor
                                                          Rockville, MD 20852
                                                          (301) 230-5200
                                                          (301) 230-2891 (facsimile)

                                                          Attorneys for Plaintiffs/Counter-Defendants
                                                          Clark French and Computer Intelligence
                                                          Associates, Inc. DC and Counter-Defendants
                                                          Mary French and Computer Intelligence
                                                          Associates, Inc. Maryland